
Order Form (06/97)

# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | James B. Moran | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 03 C 6437 | **DATE** | 10/25/2004 |
| **CASE TITLE** | ROADWAY EXPRESS vs. THOMAS JUEDES | | |

**MOTION:** [In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]

MEMORANDUM OPINION AND ORDER

**DOCKET ENTRY:**

(1) ☐ Filed motion of [ use listing in "Motion" box above.]

(2) ☐ Brief in support of motion due _____.

(3) ☐ Answer brief to motion due_____. Reply to answer brief due_____.

(4) ☐ Ruling/Hearing on _____ set for _____ at _____.

(5) ☐ Status hearing[held/continued to] [set for/re-set for] on _____ set for _____ at _____.

(6) ☐ Pretrial conference[held/continued to] [set for/re-set for] on _____ set for _____ at _____.

(7) ☐ Trial[set for/re-set for] on _____ at _____.

(8) ☐ [Bench/Jury trial] [Hearing] held/continued to _____ at _____.

(9) ☐ This case is dismissed [with/without] prejudice and without costs[by/agreement/pursuant to] ☐ FRCP4(m) ☐ Local Rule 41.1 ☐ FRCP41(a)(1) ☐ FRCP41(a)(2).

(10) ■ [Other docket entry] Enter Memorandum Opinion And Order. The motion to dismiss for failure to join a party is denied as moot.

(11) ■ [For further detail see order attached to the original minute order.]

| | No notices required, advised in open court. | | | |
|---|---|---|---|---|
| | No notices required. | | number of notices | Document Number |
| | Notices mailed by judge's staff. | | | |
| | Notified counsel by telephone. | | OCT 27 2004 date docketed | |
| ✓ | Docketing to mail notices. | | | |
| | Mail AO 450 form. | | rbf docketing deputy initials | |
| | Copy to judge/magistrate judge. | | | |
| LG | courtroom deputy's initials | 2004 OCT 26 AM 9:11 | date mailed notice mailing deputy initials | |
| | | Date/time received in central Clerk's Office | | |

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

ROADWAY EXPRESS,            )
                            )
            Plaintiff,      )
                            )
    vs.                     )   No. 03 C 6437
                            )
THOMAS JUEDES, d/b/a THE    )
FREIGHT DEPOT, and THE FREIGHT )
DEPOT,                      )
                            )
            Defendants.     )

DOCKETED
OCT 27 2004

## MEMORANDUM OPINION AND ORDER

Plaintiff Roadway Express sued Juedes d/b/a/ The Freight Depot and The Freight Depot, alleging it had not been paid for some freight shipments. Juedes moved to dismiss, claiming that plaintiff had failed to join an indispensable party, Transport Investments, L.L.C. Plaintiff promptly added Transport Investments as a party. Juedes continues to ask for dismissal on the ground that he was merely the employee of Transport Investments, the responsible party. The various filings are more in the nature of a summary judgment motion, not a motion to dismiss, and we proceed on that basis.

Those filings disclose the following, as best we can determine: Trust Investments was organized in February 2001, and was owned by three persons. Those three employed Juedes as the chief executive (and virtually only employee), but he did not have an ownership interest. The company was involuntarily dissolved by the Illinois Secretary of State on July 31, 2002, for failure to file an annual report. Whose fault that was is in dispute in a state court action between Juedes and the principals In that suit a different creditor is suing Juedes, who failed to prevail on a motion to dismiss, although we do not know the reasons. Before and after the



company was dissolved, the shipments at issue took place. The company was thereafter reinstated, but shortly thereafter went out of business.

The business was conducted under the name of The Freight Depot. Juedes contends that was an assumed name for Transport Investments, although it was never registered. Whose fault that was is likewise in dispute between Juedes and the principals in the state court action. Plaintiff here apparently contends that Juedes held himself out as the owner and operator of The Freight Depot, without any reference to Transport Investments.

Because of the way the motion arose, to dismiss for failure to join a party, we seem to have had some false starts. If the enterprise did business while the corporation was dissolved, perhaps the argument can be made that the owners were operating essentially a partnership during that period and are personally liable, although the re-registration may negate that. But Juedes was apparently not an owner or partner. Similarly, we question whether the failure to register the assumed name shifts liability to an employee. The real dispute seems to be whether or not Juedes was the agent of an undisclosed principal and held himself out as the principal, and therefore whether or not he is liable in those circumstances. But that theme has not been developed. We leave that to another day. For now, we merely deny the motion to dismiss for failure to join a party as moot.

JAMES B. MORAN
Senior Judge, U. S. District Court

Oct. 25, 2004.